AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
## for the
## District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>7734 West North Lane, Peoria, AZ 85345 | Case No. 23-3507MB<br><br>(Filed Under Seal) |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before January 1, 2024 *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for __30__ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: December 18, 2023            *M Morrissey*
                                                    _____
                                                    Judge's signature

City and state: Phoenix, Arizona            Honorable Michael T. Morrissey, U.S. Magistrate Judge
                                             *Printed name and title*

# ATTACHMENT A

The entire premises, including the residence and outbuildings located at 7734 West North Lane, Peoria, AZ 85345 (hereinafter "SEARCH LOCATION"), a single-family, two-story residence with grey stucco siding and a dark grey shingled roof with a two-car garage, facing West North Lane cul-de-sac. The front door faces West North Lane and is located to the right of the garage on the front side of the residence. A photo of the SEARCH LOCATION is set forth below.



## ATTACHMENT B

*Particular Things to be Seized*

1. All records relating to violations of Title 18 Sections 1956 (Money Laundering) and 1957 (Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity) (collectively, the "Target Offenses"), those violations involving Martha Tavizon MONRREAL, Alexis Yulixa MONARREZ, Marcos MONARREZ-MENDOZA, and Marcos MONARREZ JR. and occurring on or after August 2021, including:

    a. Bulk U.S. currency;

    b. Records relating to the Target Offenses involving the individuals Martha Tavizon MONRREAL, Alexis Yulixa MONARREZ, Marcos MONARREZ-MENDOZA, and Marcos MONARREZ JR.;

    c. Records concerning vehicles, bank accounts, credit, or prepaid card accounts in the name of or used by Import Life, Martha Tavizon MONRREAL, Alexis Yulixa MONARREZ, Marcos MONARREZ-MENDOZA, and Marcos MONARREZ JR.;

    d. Records concerning individuals and entities who have conducted business transactions with Martha Tavizon MONRREAL, Alexis Yulixa MONARREZ, Marcos MONARREZ-MENDOZA, and Marcos MONARREZ JR.;

    e. Financial or business records concerning the purchase or sale or property, businesses, securities, tax liens, tax certificates, partnership interests, liens of credit, trade lines, membership interests, funds, investment contracts, loans, and private placements relating to any of the entities/individuals listed in Section I(a);

  f. General ledgers, annual reports, financial statements, balance sheets, cash flows, investment statements, check logs, and other financial records relating to any of the entities/individuals listed above;

  g. Records pertaining to the payment, receipt, transfer or storage of money or other things of value by Martha Tavizon MONRREAL, Alexis Yulixa MONARREZ, Marcos MONARREZ-MENDOZA, and Marcos MONARREZ JR. including without limitation:

   i. Bank, credit union, investment, money transfer, safe deposit boxes, and other financial accounts;

   ii. Credit and debit card accounts;

   iii. Tax statements and returns;

   iv. Business and personal expenses;

   v. Income, whether from wages or investments;

   vi. Loans;

   vii. Real property.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

  a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

c. evidence of the lack of such malicious software;

d. evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;

f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

h. evidence of the times the COMPUTER was used;

i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

k. records of or information about Internet Protocol addresses used by the COMPUTER;

l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked"

    or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

  m. contextual information necessary to understand the evidence described in this attachment.

3. Routers, modems, and network equipment used to connect computers to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical

experts. Pursuant to this warrant, the investigative agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.